MURPHY v. PANTHER OIL & GREASE MFG. CO.

(Division A. March 28, 1938.)

[179 So. 879. No. 33116.]

**Gex & Gex** and **E. J. Gex,** all of Bay St. Louis, for appellant.

**Doty & Doty**, of Biloxi, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued Hancock county and the members of the Board of Supervisors thereon by a declaration alleging that, ''on the 12th day of December, 1935, and on the 29th day of June, 1935, the plaintiffs sold and delivered to the defendants, at their special instance and request, and upon their signed orders, greases to the amount

of $321.30. Itemized statements, with the signed orders attached, properly sworn to, are attached hereto, and made exhibits A, B, and C, and D, and made a part of this declaration.''

The exhibits referred to in the declaration are written orders to the appellee for grease, signed ''Hancock County, C. B. Murphy, Supervisor.'' The affidavits on behalf of the appellee attached thereto set forth ''that the articles furnished and services rendered therein charged have been actually and necessarily furnished and rendered to and for said county, and that the same has not been paid, nor any part thereof.''

The evidence discloses that these orders were given to a salesman of the appellee by Charles B. Murphy, a member, and president, of the Board of Supervisors of Hancock county, with the knowledge of the salesman, for and on behalf of Hancock county. The grease was shipped to the county, and by it rejected. It remained in the possession of Murphy, to whom it had been delivered, on an agreement of the appellee's salesman, whose authority to make it is not here challenged, that he would ''come to my place and take the grease up, and try to make a sale of it, and ship it direct from that point.'' This the salesman failed to do. Murphy was without authority, under the governing statute, to bind the county by this contract.

As the close of the evidence the court directed the jury to return a verdict for the county, and for the other defendants, except Charles B. Murphy. It refused to direct a verdict for Murphy, but directed a verdict against him, and erred in so doing. A public official is not liable on contracts made by him, as such, in good faith, unless ''he has used apt words to bind himself, or has expressly pledged his personal responsibility, or in which the credit was given to him personally.'' Mechem on Public Officers, section 816; Copes v. Matthews, 10 Smedes & M. 398. None of these exceptions are presented by this record. But it is said by counsel for the appellee that Mur-

phy retained possession of the grease, and thereby became liable to the appellee therefor. This possession was explained, and appears to have been with the consent of the appellee, knowing that payment would not be made therefor by Hancock county.

Reversed and judgment here for the appellant.